PRONARR in assumpsit, tried before Wootten and Houston, Justices, on appeal from a justice of the peace, which contained, in addition to the common counts, a special count on an alleged agreement between the parties by which Hannah Cannon, the defendant below, had hired her son to Francis Matthews, the plaintiff below, to work for him on his farm for the term of nine months, to commence on the 1st day of March and terminate on the last day of November 1864, for twelve dollars per month, and that under it the son commenced working for him on his farm on the first day of March and so continued to work for. him until the middle of June in that year, when he wholly abandoned his said service and employment without the default or consent of the plaintiff, by reason of which he was obliged to hire others to do the work for the residue of the term at twenty-six dollars per month, wages for such work having in the meanwhile advanced to that amount. On the trial below the plaintiff had recovered judgment for $30 and costs, and from that judgment the appeal was taken. *Page 97 
 Lore, for the plaintiff below, proved the agreement which was verbal merely, the entry upon the service and the abandonment of it by the son as alleged, and that a very great advance had by that time occurred in the wages of laborers on farms in that part of the State, and rested his case.
J. H. Rodney, for the defendant below, moved for a nonsuit, first, because the cause of action in the case was not within the jurisdiction of a justice of the peace, and if it was not cognizable where it originated, it was a ground of nonsuit on the trial of it upon appeal here. It was an action against the mother to recover damages for a breach of the contract by the son in leaving the service and employment of the plaintiff below, during the term stipulated and agreed upon without just cause and without his consent. It was an action of assumpsit, it was true, but it was not for any sum of money promised to be paid by her to him, for there was no such promise either expressed or implied in the agreement; on the contrary, it was an action sounding in damages purely, and as much so, as if it were in trespass for an actual wrong or injury committed by her on his farm during that time. There was nothing in the specially defined and limited jurisdiction conferred by the statute on justices of the peace, which could possibly extend it to such a case, unless it might be supposed to result from the terms employed in the general definition of their jurisdiction as contained in the statute, wherein it says among other matters of which they shall have jurisdiction, "or contract or agreement for personal labor, hire or service." Rev.Code 339, sec. 1. But to bring this case within the clear and obvious meaning of that particular provision, the position of the parties should be reversed, and the suit should be against the employer for the personal labor, hire, service, or wages of the son. No such action as this he believed, had ever before been brought under that provision of the statute, and he was therefore convinced that it had never before been supposed, and was never intended, to confer jurisdiction upon them in any such case as this *Page 98 
was. The object of it was to confer upon an inferior tribunal a special and limited jurisdiction in civil cases of debt, as expressed in the title of the chapter which limits and defines it. But an action, or a case like this brought by the employer against his hired laborer, to recover damages for the breach of such a contract, could not be called or considered a case of debt within the legal sense and meaning of that term. And in the second place, because it was an attempt on the part of the plaintiff below to hold the mother, the defendant below, answerable for the default of her son in a sum exceeding twenty-five dollars, without any written proof of her assumption or agreement to become answerable for it, and without any proof that his abandonment of the service was not as much against her wishes, as it was against those of the plaintiff. And in the next place, because the suit below was commenced before the expiration of the term of service stipulated in the agreement, and therefore before any cause of action had accrued, or could have accrued, to the plaintiff upon it. His claim, and his sole cause of action in the case, was for the loss and expense which he had incurred from the middle of June up to the last day of November 1864, and which he had calculated with exact certainty at just fourteen dollars for each and every month from the middle of June up to that time, and yet so indiscreet and impatient was he to recover that large amount of damages for the whole of that time, that he commenced suit nearly five months before they had all accrued, and in one short month after the son of the defendant below had left his service; for the record showed that the action below was instituted as early as the 15th of July 1864.
Lore. As to the reason first assigned for the nonsuit, an action will lie on such an agreement or contract, before a justice of the peace, wherein the damages demanded do not exceed one hundred dollars, under the provision of the statute referred to, as well at the suit of the employer, as the employee, for the words of the act are that justices of *Page 99 
the peace shall have jurisdiction within that limit, of all causes of action arising from any contract, or agreement for personal labor, hire, or service, and as it takes two parties at least, to make a contract, it is, in such a case, as much a contract on the part of the employer for personal labor, hire, or service, as it is on the part of the laborer for the same. As to its being an action for damages purely, that is no objection and has been so ruled in this court.Barr v. Logan, 5 Harr. 52. And as to the second objection or reason assigned, all he had to say was, that it was not an assumption on the part of the defendant below to answer for the debt or default of another, but it was her own individual and original agreement, to which the son was not a party, and in which she was the only party to it, except the plaintiff below, who could possibly have been sued upon it, The default of the son to perform the agreement on her part, therefore became her own breach of the contract, and it was for her own debt under it the suit had been brought. As to the other and last objection, the suit had been commenced without his advice, but as the action was for unascertained damages merely, and it manifestly appeared from the evidence already before the jury, that they accrued monthly to the plaintiff from the middle of June 1864, and the suit was commenced on the 15th of July following, it would be both competent and practicable for the jury to assess and allow damages for that one month only, and it would be proper under the circumstances to leave it to them with such instructions.
Rodney replied.
By the Court. We do not consider that there is anything either in the words or the design of the provision of the statute referred to in regard to the jurisdiction of justices of the peace of causes of action arising from contract, or agreement for personal labor, hire or service, to warrant the limited or restricted construction for which the counsel for the defendant below has contended in support of his *Page 100 
motion for a nonsuit in this case. It is certainly general and broad enough in the ordinary import of the terms used, to comprehend both of the parties to such a contract, and we cannot suppose that the legislature intended by them, to give an action to one of the parties to such a contract without giving it to the other, before one and the same tribunal specially provided and established for the trial of such causes of action in the first instance. The objection that the action, although it was on such a contract and was for a direct breach of it, was not cognizable before a justice of the peace, because it was for unascertained damages purely, of course falls with our ruling on the other point; but as the principle has already been ruled expressly to the contrary in an analogous case under the same section of the statute in this court, we have only to say that it can constitute no legal objection to the maintenance of the action either below, or on appeal to this court. Barr v. Logan, 5 Harr. 52. As to the second objection we also express our dissent because it is clearly the contract or agreement of the defendant herself alone on which she is sued. Her son was at no time a party to it, and therefore there can be no ground or reason for regarding it as an assumption on her part merely to answer for the debt, or default of her son, and who, moreoever, was a minor and incapable of binding himself in law by such a contract. But upon the last ground presented, which is that the suit was prematurely instituted and commenced below before the period of the son's service as fixed and stipulated in the agreement had expired, and therefore before any cause of action had, or could have accrued to the plaintiff, we must sustain the motion and direct a judgment of nonsuit to be entered.